In re: WALLACE'S BOOKSTORE, INC. and Wallace's Book Company Debtors.

Bernard Katz, Liquidating Supervisor for Wallace's Bookstores, Inc., et al., Appellee,

v.

Central Virginia Community College; Virginia Military Institute; New River Community College; Blue Ridge Community College, Appellants.

No. 03–6054.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2004.

Rehearing En Banc Denied Sept. 30, 2004.

Before SUTTON and COOK, Circuit Judges; and ROSEN, District Judge.*

PER CURIAM.

Appellants, four state-supported institutions of higher education in Virginia, brought this suit for the purpose of challenging this court's decision in *Hood v. Tennessee Student Assistance Corporation*, 319 F.3d 755 (6th Cir.2003) (holding that the Article I Bankruptcy Clause grants Congress the authority to abrogate

states' sovereign immunity), *aff'd on other grounds*, —— U.S. ——, 124 S.Ct. 45, 156 L.Ed.2d 703 (2003). The district court, finding that appellants raised the very arguments that this court rejected in *Hood*, affirmed the orders of the bankruptcy court. Because we are bound to follow a decision of a prior panel, *see Moltan Co. v. Eagle–Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir.1995) ("We cannot overturn the prior published decision of another panel and are therefore bound by these previous decisions."), and because the parties agree that *Hood* applies here, we affirm the judgment of the district court.

DAVIS DIAMOND GALERIE, INC., Plaintiff–Appellant,

v.

SILVERMAN JEWELERS CONSULTANTS, INC.; Stuart Fetter, Defendants–Appellees.

No. 02–4438.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2004.

Before BATCHELDER and COLE, Circuit Judges; and HOOD,* District Judge.

BATCHELDER, Circuit Judge.

Davis Diamond Galerie, Inc., ("Davis") appeals the district court's order granting summary judgment in this diversity case to Silverman Jewelers Consultants, Inc., and its president, Stuart Fetter ("Silverman") on Davis's claims of fraud and negligent misrepresentation. These claims, together with claims against Silverman and other defendants for breach of contract and breach of fiduciary duty, arose out of Davis's contract with Silverman whereby Silverman would liquidate Davis's retail jewelry business. The district court held that Ohio law does not recognize a tort claim premised upon the same actions as those upon which the plaintiff bases a breach of contract claim unless the plaintiff identifies some duty or misrepresentation by the breaching party independent of the contract. Because Davis had identified no such duty and the record before the court demonstrated no facts upon which such a duty could be based, the district court granted summary judgment to Silverman on the fraud and misrepresentation claims. All other claims in the matter have been dismissed, and only the summary judgment is before us on appeal.

We review de novo the district court's grant of summary judgment. *Pinney Dock & Transp. Corp. v. Penn Cent. Corp.*, 838 F.2d 1445, 1472 (6th Cir.1988). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

We have thoroughly reviewed the record, Davis's brief on appeal (Silverman having declined to file a brief) and the applicable law. We conclude that the district court's order thoroughly and accurately sets out both the undisputed facts and the governing law, and clearly articulates the reasons underlying its decision, and because we have nothing of substance to add to the district court's opinion, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.